IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL TYE *et. al*. | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | |
| HCBJR, LLC; HOLLIS BOSTIC; and MEINEKE CAR CARE CENTERS, LLC | JURY TRIAL DEMANDED |
| Defendants. | |

# COMPLAINT

Plaintiffs Michael Tye, Kenneth Jackson, Oliver Simon, and Korey Brown ("Plaintiffs"), by and through undersigned counsel, bring this action against HCBJR, LLC, Hollis Bostic, and Meineke Car Care Centers, LLC. ("Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.   This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA"). Plaintiffs also assert state law contract claims for unpaid gap time.

## JURISDICTION AND VENUE

2.   The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because the claims raise questions of federal law.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.4 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Clayton County, Georgia.

4. The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Plaintiffs' state law claims arise out of a common nucleus of operative fact as their federal claims for unpaid overtime wages under the FLSA because both claims arise out of Defendants' wage and hour policies and practices.

## PARTIES

6. Defendant Meineke Car Care Centers, LLC ("Meineke") is a foreign limited liability company doing business in Georgia with its principle office located at 440 South Church Street, Suite 700, Charlotte, North Carolina, 28202, according to the Georgia Secretary of State.

7. Meineke may be served with process through its registered agent, National Registered Agents, Inc., 1201 Peachtree Street, NE, Atlanta, Georgia, 30361.

8. Defendant HCBJR, LLC is a Georgia Domestic Limited Liability Company.

9. Defendant HCBJR, LLC may be served with process though its registered agent, United States Corporation Agents, Inc, located at 1420 Southlake Plaza Drive, Morrow, Georgia 30260.

10. Defendant Bostic is the owner and sole manager of Defendant HCBJR, LLC.

11. Defendant Bostic is a natural person and may be served wherever he may be found.

12. Defendants Bostic and HCBJR, LLC, own and operate a Meineke Car Care Center, Store Number 4085, located at 7178 Highway 85, Riverdale, Georgia 30274 which goes by the trade name "Meineke Car are Centers Econo Lube" (the "Riverdale Meineke").

13. Plaintiffs worked for Defendants at the Riverdale Meineke within the three years preceding the filing of this action.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

14. Defendants are "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

15. Plaintiffs are or were "employees" of Defendants within the meaning of the FLSA 29 U.S.C. § 203(e).

16. Defendant HCBJR LLC is an enterprise whose gross annual sales or business done exceeds $500,000.

17. During the three years preceding the filing of this complaint, HCBJR LLC employed Plaintiffs who engaged in commerce, the production of goods for commerce, or handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

18. Defendant HCBJR, LLC, is an "employer" within the meaning of the FLSA.

19. Defendant HCBJR, LLC employed Plaintiffs.

20. Defendant Bostic is the owner and sole member of Defendant HCBJR, LLC.

21. Defendants HCBJR, LLC and Bostic own and operate the Riverdale Meineke.

22. During the three years preceding the filing of this Complaint, Defendant Bostic exercised operational control over the Riverdale Meineke.

23. For example, Defendant Bostic determined the compensation practices applicable to Defendants' employees, including Plaintiffs.

24. Defendant Bostic had the authority to make changes to the compensation practices applicable to employees of the Riverdale Meineke, including Plaintiffs.

25. Defendant Bostic had the authority to hire and fire employees of the Riverdale Meineke, including Plaintiffs.

26. Defendant Bostic determined the employment policies applicable to Plaintiffs.

27. Defendant Bostic maintained the employment records of the employees working at the Riverdale Meineke.

28. Defendant Bostic employed Plaintiffs within the meaning of the FLSA

29. Defendant Meineke is an enterprise whose annual gross sales or business done exceeds $500,000.

30. During the past three years preceding the filing of this Complaint, Defendant Meineke employed individuals who engaged in commerce, the production of goods for commerce, or handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

31. Defendant Meineke qualifies as an "employer" within the meaning of the FLSA.

32. During the three years preceding the filing of this Complaint, Defendant Meineke exercised operational control over Defendant HCBJR, LLC, Defendant Bostic, and the Riverdale Meineke.

33. Defendant Meineke employed Plaintiffs.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS FOR VIOLATIONS OF THE FLSA

34. The Riverdale Meineke provides car care services to its customers, such as oil changes and break repair.

35. Plaintiffs worked for Defendants at the Riverdale Meineke within the three years prior to filing this action.

36. Plaintiffs typically serviced cars, ran diagnostics on cars, and provided other car care services at the Riverdale Meineke.

37. As compensation for their work, Defendants paid Plaintiffs an hourly rate ranging from $9.50 per hour and approximately $13.00 per hour.

38. For example, Defendants paid Plaintiff Michael Tye $9.50 per hour for certain hours worked for Defendants.

39. Defendants paid Plaintiff Corey Brown $13.00 per hour for certain hours worked for Defendants.

40. Defendants required Plaintiffs to log into Defendants' timekeeping system at the beginning of their scheduled shifts, and to log out at the end of their scheduled shifts.

41. During certain workweeks worked for Defendants, Plaintiffs worked hours in excess of 40 per week.

42. However, Defendants did not compensate Plaintiffs at 1.5 times their regular rate of pay for all hours worked over 40 in certain workweeks.

43. For example, Defendants removed certain hours worked from Plaintiffs' time and pay records and did not compensate Plaintiffs for all hours worked.

44. By way of further example, Defendants had a policy of automatically deducting a one-hour lunch break from its employees' time records, including Plaintiffs.

45. If Plaintiffs did not take their full one hour lunch break, a full hour was still deducted from their time.

46. By way of further example, Defendants at times paid Plaintiffs at their regular hourly rate for overtime hours, instead 1.5 times their regular rate of pay.

47. Some of the hours Defendants removed from Plaintiffs' time and pay records were hours worked by Plaintiffs in excess of 40 during certain workweeks.

48. By removing and failing to pay Plaintiffs for certain hours worked by Plaintiffs in excess of 40 during certain workweeks, Defendants failed to compensate Plaintiffs for all hours worked over 40 at the required overtime premium rate.

49. Defendants failed to keep accurate time records of all hours worked by Plaintiffs.

50. Therefore, Defendants violated the recordkeeping requirements of the FLSA.

**FACTUAL ALLEGATION IN SUPPORT OF PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT**

51. Defendants employed Plaintiffs to perform work as service technicians.

52. Plaintiffs entered into a contract with Defendant HCBJR, LLC guaranteeing Plaintiffs a set hourly rate for the hours worked by Plaintiffs.

53. Plaintiffs' set hourly rate ranged from $9.50 to $13.00.

54. However, Defendant HCBJR, LLC did not pay Plaintiffs for all hours worked at Plaintiffs' contractually-guaranteed rates.

55. Thus, Defendant HCBJR, LLC breached its contracts with Plaintiffs.

**COUNT I: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME PREMIUM RATE**

56. Plaintiffs worked hours in excess of 40 per week during certain workweeks while employed by Defendants.

57. However, Defendants failed to compensate Plaintiffs for all hours worked, including those in excess of 40 per workweek.

58. Defendants failed to compensate Plaintiffs at not less than 1.5 times their regular rate of pay for all hours worked over 40 in certain workweeks.

59. Defendants knew or should have known that Plaintiffs worked hours in excess of 40 during certain workweeks.

60. Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

61. Defendants violated the FLSA's overtime provisions with reckless disregard for Plaintiffs' rights.

62. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for all unpaid overtime wages, liquidated damages, attorney fees and costs.

## COUNT II: BREACH OF CONTRACT

63. Defendant HCBJR, LLC had a contractual obligation to pay Plaintiffs at a specified hourly rate for all hours worked.

64. Defendant HCBJR, LLC failed to pay Plaintiffs their contractually-guaranteed hourly wage for all hours worked.

65. Each time Defendant HCBJR, LLC failed to pay the agreed-upon wage for all hours worked, Defendant breached its contractual agreement with Plaintiffs.

66. As a result of Defendant HCBJR, LLC's breach of contract, Defendant HCBJR, LLC is liable to Plaintiffs for the amount of unpaid straight-time wages they worked in non-overtime weeks at the contractually-specified rates ("gap time").

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a) Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b) Declare that Defendant HCBJR, LLC breached its contact with Plaintiffs under Georgia law;

(c) Enter judgment against Defendants that their violations of the FLSA were willful;

(d) Award all unpaid wages;

(e) Award liquidated damages in an amount equal to Plaintiffs' unpaid wages;

(f) Award all reasonable attorney fees, costs, and expenses;

(g) Award all unpaid gap time wages;

(h) Award prejudgment interests; and

(i) All other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury.

Respectfully submitted: 3/24/2017

|  |  |
|---|---|
| | *s/William S. Cleveland* |
| MAYS & KERR LLC | William S. Cleveland |
| 235 Peachtree Street NE | Georgia Bar No. 721593 |
| North Tower \| Suite 202 | Dustin L. Crawford |
| Atlanta, Georgia 30303 | Georgia Bar No. 758916 |
| Telephone:  (404) 855-3002 | |
| Facsimile:   (404) 855-4066 | |
| william@maysandkerr.com | |
| dustin@maysandkerr.com | Counsel for Plaintiffs |