# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL TYE *et. al.* | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:17-cv-01087-ELR |
| HCBJR, LLC; HOLLIS BOSTIC, Jr.; Hollis Bostic, Sr.; and MEINEKE CAR CARE CENTERS, LLC | |
| Defendants. | |

## **SECOND AMENDED COMPLAINT**

Plaintiffs Michael Tye, Kenneth Jackson, Oliver Simon, and Korey Brown ("Plaintiffs"), by and through undersigned counsel, bring this action against HCBJR, LLC, Hollis Bostic, Jr., Hollis Bostic, Sr., and Meineke Car Care Centers, LLC ("Defendants"), and allege as follows:

## **NATURE OF THE ACTION**

1. This is an action for unpaid minimum and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). Plaintiffs also assert state law claims against Defendants HCBJR LLC, Hollis Bostic, Jr. and Hollis Bostic, Sr. for breach of contract for failing to compensate Plaintiffs at their contractually-guaranteed hourly rate for all hours worked.

1

## JURISDICTION AND VENUE

2. The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because the claims raise questions of federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.4 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Clayton County, Georgia.

4. The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Plaintiffs' state law claims arise out of a common nucleus of operative fact as their federal claims for unpaid overtime wages under the FLSA because both claims arise out of Defendants' wage and hour policies and practices.

## PARTIES

6. Defendant Meineke Car Care Centers, LLC ("Meineke, LLC") is a foreign limited liability company doing business in Georgia with its principle office located at 440 South Church Street, Suite 700, Charlotte, North Carolina, 28202, according to the Georgia Secretary of State.

7. Meineke may be served with process through its registered agent, National Registered Agents, Inc., 1201 Peachtree Street, NE, Atlanta, Georgia, 30361.

8. Defendant HCBJR, LLC is a Georgia Domestic Limited Liability Company.

9. Defendant HCBJR, LLC may be served with process through its registered agent, United States Corporation Agents, Inc, located at 1420 Southlake Plaza Drive, Morrow, Georgia 30260.

10. Defendant Bostic, Jr. is the owner and sole manager of Defendant HCBJR, LLC.

11. Defendant Bostic, Jr. is a natural person and may be served wherever he may be found.

12. Defendant Bostic, Sr. is a natural person and may be served wherever he may be found.

13. Defendants Bostic, Jr., Bostic, Sr., and HCBJR, LLC, own and operate a Meineke Car Care Center, Store Number 4085, located at 7178 Highway 85, Riverdale, Georgia 30274 which goes by the trade name "Meineke Car Care Centers Econo Lube".

14. Plaintiffs worked for Defendants at the Meineke Car Care Center, Store Number 4085 within the three years preceding the filing of this action.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

15. Defendants are "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

16. Plaintiffs are or were "employees" of Defendants within the meaning of the FLSA 29 U.S.C. § 203(e).

17. Defendants HCBJR LLC, Bostic Jr., and Bostic, Sr. jointly own and operate the Meineke Car Care Center, Store Number 4085, located at 7178 Highway 85, Riverdale, Georgia 30274 (the "Riverdale Meineke").

18. Defendants HCBJR LLC, Bostic Jr. and Bostic Sr. operate the Riverdale Meineke as a joint enterprise as that term is defined under the FLSA.

19. For example, through their joint operation and ownership of the Riverdale Meineke, Defendants HCBJR LLC, Bostic Jr., and Bostic Sr., perform related activities through a unified operation or common control for the common business purpose of selling car care services to customers.

20. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. perform the related activities of employing individuals, such as Plaintiffs, for the common business purpose of providing car care services to customers.

21. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. perform the related activities of advertising their services at a single location, the Riverdale Meineke, for the common business purpose of selling car care services to customers.

22. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. engage in the related activities of purchasing various equipment for use at the Riverdale Meineke for the common business purpose of performing and selling car care services to customers.

23. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. perform the related activity of owning and operating the Riverdale Meineke for the common business purpose of selling car care services to customers.

24. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. perform these related activities through common control because the performance of the common activities are controlled by Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. together.

25. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. perform related activities for the common business purpose of selling car care services to customers through a unified operation.

26. For example, Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. operate together out of a single location, the Riverdale Meineke, for the unified business purpose of selling car care services to customers.

27. By way of further example, Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. operate as a unified operation because they employ all of their employees at a single location, the Riverdale Meineke.

28. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. constitute an enterprise whose gross annual sales or business done exceeds $500,000.

29. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. together form an enterprise covered by the FLSA because they engage in interstate commerce or the production of goods for interstate commerce, and employ two or more individuals who work on goods or materials that have been moved in or produced for interstate commerce.

30. For example, Defendants HCBJR LLC, Bostic Jr., and Bostic Sr.'s employees use computers that were manufactured outside the state of Georgia and process credit card transactions when performing their job duties.

31. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr.'s employees use the internet and phone services to communicate across state lines while working at the Riverdale Meineke.

32. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. order and have shipped to the Riverdale Meineke certain products, such as oil and car parts, that travel across state lines and are then used by their employees in performing their job duties.

33. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. is a covered "enterprise" as that term is defined under the FLSA.

34. Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. employed Plaintiffs.

35. Plaintiffs are individually covered by the FLSA because Defendants HCBJR LLC, Bostic Jr., and Bostic Sr. employed Plaintiffs at the Riverdale Meineke and Plaintiffs engaged in commerce, the production of goods for commerce, or handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

36. For example, Plaintiffs used tools, car parts, and oil which had traveled in interstate commerce when performing work on customers' automobiles.

37. During the three years preceding the filing of this Complaint, Defendant Bostic, Jr. exercised operational control over the Riverdale Meineke.

38. For example, Defendant Bostic, Jr. determined the compensation practices applicable to employees of the Riverdale Meineke, including Plaintiffs.

39. Defendant Bostic, Jr. had the authority to make changes to the compensation practices applicable to employees of the Riverdale Meineke, including Plaintiffs.

40. Defendant Bostic, Jr. had the authority to hire and fire employees of the Riverdale Meineke, including Plaintiffs.

41. Defendant Bostic, Jr. determined the employment policies applicable to Plaintiffs.

42. Defendant Bostic, Jr. maintained the employment records of the employees working at the Riverdale Meineke.

43. Defendant Bostic, Jr. employed Plaintiffs within the meaning of the FLSA.

44. During the three years preceding the filing of this Complaint, Defendant Bostic, Sr. exercised operational control over the Riverdale Meineke.

45. For example, Defendant Bostic, Sr. determined the compensation practices applicable to Defendants' employees, including Plaintiffs.

46. Defendant Bostic, Sr. had the authority to make changes to the compensation practices applicable to employees of the Riverdale Meineke, including Plaintiffs.

47. Defendant Bostic, Sr. had the authority to hire and fire employees of the Riverdale Meineke, including Plaintiffs.

48. Defendant Bostic, Sr. determined the employment policies applicable to Plaintiffs.

49. Defendant Bostic, Sr. maintained the employment records of the employees working at the Riverdale Meineke.

50. Defendant Bostic, Sr. employed Plaintiffs within the meaning of the FLSA.

51. During the three years preceding the filing of this Complaint, Defendant Meineke, LLC exercised operational control over the Riverdale Meineke.

52. For example, Defendant Meineke, LLC placed restrictions as to products that could be purchased for the Riverdale Meineke.

53. Defendant Meineke, LLC set the prices that could be charged for products and/or services at the Riverdale Meineke.

54. Defendant Meineke, LLC required the Riverdale Meineke to provide free oil changes to veterans on Veterans Day.

55. Meineke LLC set the employment policies applicable to the employees at the Riverdale Meineke and placed limits and restrictions on who could be employed at the Riverdale Meineke.

56. Defendant Meineke, LLC employed Plaintiffs within the meaning of the FLSA.

57. Defendants Bostic Jr., Bostic, Sr., HCBJR LLC, and Meineke, LLC jointly operate and control the Riverdale Meineke, for the common business purpose of selling car care services to the public.

58. Defendants Bostic Jr., Bostic, Sr., HCBJR LLC, and Meineke, LLC are an enterprise whose gross annual sales or business done exceeds $500,000.

59. Defendants Bostic Jr., Bostic, Sr., HCBJR LLC, and Meineke, LLC are a covered "enterprise" as that term is defined under the FLSA because they engage in interstate commerce or the production of goods for interstate commerce, and employ two or more individuals who work on goods or materials that have been moved in or produced for interstate commerce.

60. For example, Defendants Bostic Jr., Bostic, Sr., HCBJR LLC, and Meineke, LLC's employees use computers that were manufactured outside the state of Georgia and process credit card transactions when performing their jobs.

61. Defendants Bostic Jr., Bostic, Sr., HCBJR LLC, and Meineke, LLC's employees use the internet and phone services to communicate across state lines while working at the Riverdale Meineke.

62. Defendants Bostic Jr., Bostic, Sr., HCBJR LLC, and Meineke, LLC order and have shipped to the Riverdale Meineke certain products, such as oil and car parts, that travel across state lines and are then used by their employees in performing their job duties.

63. As an enterprise, Defendants Bostic Jr., Bostic, Sr., HCBJR LLC and Meineke, LLC employed Plaintiffs.

64. Additionally, Defendant Meineke, LLC placed restrictions on the Riverdale Meineke as to products, prices, profits and management.

65. For example, Defendant Meineke, LLC prohibited Defendants Bostic, Jr. and Bostic, Sr. from providing carwash services to the customers of the Riverdale Meineke.

66. Defendant Meineke, LLC set sales promotions for the Riverdale Meineke, including the promotions for certain holidays, such as Veterans Day.

67. Defendant Meineke, LLC formulated rules and regulations for the successful operation of the Riverdale Meineke.

68. For example, Defendant Meineke, LLC required a specific point of sale system to be in place at the Riverdale Meineke.

69. The Riverdale Meineke was required to pay royalties to Defendant Meineke, LLC.

70. Defendants Bostic Sr., Bostic, Jr., and Meineke, LLC together form an enterprise that jointly employed Plaintiffs within the meaning of the FLSA.

### FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS FOR VIOLATIONS OF THE FLSA

71. The Riverdale Meineke provides car care services to its customers, such as oil changes and break repair.

72. Plaintiffs worked for Defendants at the Riverdale Meineke within the three years prior to filing this action.

73. Plaintiffs typically serviced cars, ran diagnostics on cars, and provided other car care services at the Riverdale Meineke.

74. As compensation for their work, Defendants paid Plaintiffs an hourly rate ranging from $9.50 per hour to approximately $13.00 per hour.

75. For example, Defendants paid Plaintiff Michael Tye $9.50 per hour for certain hours worked for Defendants.

76. Defendants paid Plaintiff Corey Brown $13.00 per hour for certain hours worked for Defendants.

77. During certain workweeks worked for Defendants, Plaintiffs worked hours in excess of 40 per week.

78. Defendants required Plaintiffs to log into Defendants' timekeeping system at the beginning of their scheduled shifts, and to log out at the end of their scheduled shifts.

79. However, Defendants did not compensate Plaintiffs at 1.5 times their regular rate of pay for all hours worked over 40 in certain workweeks.

80. For example, Defendants removed certain hours worked from Plaintiffs' time and pay records and did not compensate Plaintiffs for all hours worked.

81. By way of further example, Defendants had a policy of automatically deducting a one-hour lunch break from its employees' time records, including Plaintiffs.

82. If Plaintiffs did not take their full one-hour lunch break, a full hour was still deducted from their time.

83. By way of further example, during certain weeks when Defendants decided to compensate Plaintiffs for their overtime hours, Defendants compensated Plaintiffs at their regular hourly rate, but failed to compensate Plaintiffs at 1.5 times their regular hourly rate for all overtime hours.

84. Some of the hours Defendants removed from Plaintiffs' time and pay records were hours worked by Plaintiffs in excess of 40 during certain workweeks.

85. By removing and failing to pay Plaintiffs for certain hours worked in excess of 40 during certain workweeks, Defendants failed to compensate Plaintiffs for all hours worked over 40 at the required overtime premium rate.

86. Defendants failed to keep accurate time records of all hours worked by Plaintiffs.

87. Therefore, Defendants violated the recordkeeping requirements of the FLSA.

**FACTUAL ALLEGATION IN SUPPORT OF PLAINTIFF BROWN'S MINIMUM WAGE VIOLATION**

88. Defendants required Plaintiff Brown to work certain hours for Defendants, but prohibited Plaintiff Brown from recording all of his hours.

89. During certain workweeks, Defendants required Plaintiff Brown to work approximately 20 hours of unrecorded time.

90. Defendants paid Plaintiff Brown no wages for his unrecorded hours.

91. Defendants knew Plaintiff Brown worked hours that were not recorded.

92. Defendants' practice of requiring Plaintiff Brown to work off-the-clock resulted in Plaintiff Brown receiving less than $7.25 for all hours worked under 40 during certain workweeks.

**FACTUAL ALLEGATION IN SUPPORT OF PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT**

93. Defendants employed Plaintiffs to perform work as service technicians.

94. Plaintiffs entered into a contract with Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr. guaranteeing Plaintiffs a set hourly rate for the hours worked by Plaintiffs.

95. Plaintiffs' set hourly rate ranged from $9.50 to $13.00.

96. However, Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr. did not pay Plaintiffs for all hours worked at Plaintiffs' contractually-guaranteed rates.

97. Thus, Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr. breached their contracts with Plaintiffs.

**COUNT I: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME PREMIUM RATE**

98. Plaintiffs worked hours in excess of 40 per week during certain workweeks while employed by Defendants.

99. However, Defendants failed to compensate Plaintiffs for all hours worked, including those in excess of 40 per workweek.

100. Defendants failed to compensate Plaintiffs at not less than 1.5 times their regular rate of pay for all hours worked over 40 in certain workweeks.

101. Defendants knew or should have known that Plaintiffs worked hours in excess of 40 during certain workweeks.

102. Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

103. Defendants violated the FLSA's overtime provisions with reckless disregard for Plaintiffs' rights.

104. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for all unpaid overtime wages, liquidated damages, attorney fees and costs.

## COUNT II: WILLFUL FAILURE TO COMPENSATE PLAINTIFF BROWN AT THE REQUIRED MINIMUM WAGE

105. Defendants paid Plaintiff Brown an hourly wage for certain hours worked.

106. However, Defendants failed to compensate Plaintiff Brown for all hours worked at the required minimum wage of $7.25 per hour.

107. Defendants required Plaintiff Brown to work off-the-clock without any compensation such that Plaintiff Brown did not receive $7.25 per hour for all hours worked.

108. Defendants' violation of the FLSA's minimum wage provision was willful.

109. Defendants violated the FLSA with reckless disregard for their obligations under the FLSA.

110. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff Brown for all unpaid wages at a rate not less than $7.25 per hour, liquidated damages, attorney fees, and litigation costs.

## COUNT III: BREACH OF CONTRACT

111. Defendant HCBJR, LLC had a contractual obligation to pay Plaintiffs at a specified hourly rate for all hours worked.

112. Defendant Bostic, Jr. had a contractual obligation to pay Plaintiffs at a specified hourly rate for all hours worked.

113. Defendant Bostic, Sr. had a contractual obligation to pay Plaintiffs at a specified hourly rate for all hours worked.

114. Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr. failed to pay Plaintiffs their contractually-guaranteed hourly wage for all hours worked.

115. Plaintiffs performed work for Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr. at their respective agreed upon hourly wage.

116. Each time Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr. failed to pay the agreed-upon wage for all hours worked, Defendant breached its contractual agreement with Plaintiffs.

117. As a result of Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr.'s breach of contract, Defendants HCBJR, LLC, Bostic, Jr., and Bostic, Sr, are liable to Plaintiffs for the amount of unpaid straight-time wages they worked in non-overtime weeks at the contractually-specified rates.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a) Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b) Declare that Defendants HCBJR, LLC, Bostic Jr., and Bostic, Sr. breached their contract with Plaintiffs under Georgia law;

(c) Enter judgment against Defendants that their violations of the FLSA were willful;

(d) Award all unpaid wages;

(e) Award liquidated damages in an amount equal to Plaintiffs' unpaid wages;

(f) Award all reasonable attorney fees, costs, and expenses;

(g) Award all unpaid gap time wages;

(h) Award prejudgment interests; and

(i) All other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury.

Respectfully submitted: 7/31/2017

|  |  |
|---|---|
|  | *s/William S. Cleveland* |
| POOLE HUFFMAN LLC | William S. Cleveland |
| 315 W. Ponce de Leon Ave | Georgia Bar No. 721593 |
| Suite 344 | Dustin L. Crawford |
| Decatur, Georgia 30030 | Georgia Bar No. 758916 |
| Phone: (404) 373-4008 |  |
| william@poolehuffman.com |  |
| dustin@poolehuffman.com | Counsel for Plaintiff |